George Tilzer, J.
Petitioner seeks to stay the arbitration sought by the respondent administratrix with respect to the petitioner’s alleged failure to purchase the stock of the decedent. The notice to conduct the arbitration states that the respondent shall ask the arbitrators to fix the price of the stock and for an award in the sum of $29,000.
Upon the death of the respondent administratrix’ husband, petitioner and the other surviving stockholder, pursuant to a stockholders’ agreement, exercised their option to purchase the decedent’s stock. Petitioner alleges that the option was taken upon the understanding that the purchase price would not exceed $15,000. Respondent, on the other hand, states that she never agreed to any such valuation; that a dispute exists therefore as to the purchase price and that in the circumstances the provision of the agreement requiring arbitration controls and the issue of purchase price shall be settled by arbitration.
By the proposed arbitration the respondent is in effect seeking an appraisal of her stock. However, the arbitration clause of the agreement is not sacrosanct, requiring that the other provisions of the agreement providing for the manner of purchase and for the ascertainment of the value of the shares shall be disregarded. Arbitration is to be resorted to to settle a dispute when and if a dispute arises. One cannot seek the aid of the tribunal of the parties’ choice, nevertheless, unless there has *39 been compliance with the conditions precedent to the exercise of that choice. The agreement states that the purchase price of the shares of stock shall be the book value and then sets forth at length how such book value shall be computed. Initially, it is provided that the value shall be computed by the certified public accountant then servicing the corporation. In the event the value certified is objected to either by the seller or the purchaser, the objectant or objectants shall have the right to select his own firm of accountants. The accountant’s computations, moreover, are made subject to the provision of the agreement which detail how allowances, accounts, inventories, etc. are to be treated.
From the affidavits before the court it appears that neither party has complied with the express provisions of the agreement in respect to the valuation of the decedent’s shares. These are rights, obligations and.duties of the parties to the agreement which must precede resort to the arbitration clause. If the computation has not been had, it may be that upon the corporation’s accountant’s report or the reports of the accountants retained by the seller and the purchaser, there may be no necessity to submit to arbitration. A general arbitration clause, including a provision that disputes as to the valuation of shares being purchased shall be settled by arbitration, does not come into play until a dispute arises. Under the unambiguous terms of this agreement, a dispute as to book value may only arise after such valuation has been determined either by the firm’s accountants or by the accountants retained by the purchaser and seller.
A further issue is presented, as indicated above, as to whether the petitioner’s option was given upon the representation made by the respondent that in no event would the purchase price exceed $15,000. If, in fact, petitioner was misled, arbitration cannot be availed of since in default of acceptance of the offer, the corporation must be dissolved. The motion is granted staying the arbitration pending the trial of issues.
Settle order which shall provide for an immediate trial.